IN THE SUPREME COURT OF THE STATE OF NEVADA

KEONIS LAMONT DAVIS,
Appellant,
vs.
WILLIAM A. GITTERE, WARDEN,
Respondent.

No. 82583

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On October 29, 2020, appellant Keonis Davis filed a timely postconviction petition and alleged numerous instances of ineffective assistance of trial and appellate counsel. The district court denied the petition without appointing counsel. We conclude that the district court abused its discretion in denying Davis's request for the appointment of postconviction counsel.

NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth a nonexhaustive list of factors which the court may consider in exercising its discretion: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner can comprehend the

22-13662

proceedings, and whether counsel is necessary to proceed with discovery. Whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues that, if true, would entitle the petitioner to relief. *See Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017).

The factors in NRS 34.750 favored the appointment of counsel. Davis filed a motion to proceed in forma pauperis and supporting documents alleging he was indigent and requested the assistance of postconviction counsel. Davis is serving a significant sentence of 44 years to life. And some of Davis's claims require development of facts outside the record, including whether trial counsel was ineffective for not investigating or adequately challenging the identification of Davis as the shooter. The failure to appoint postconviction counsel prevented meaningful litigation of the petition under these facts. Furthermore, although the record reflects that Davis filed a timely first postconviction petition, the district court's order states that he had filed five prior petitions making the instant petition appropriate for summary dismissal as successive and procedurally barred.[1] The district court also denied Davis's request for postconviction counsel, in part, because his filing of a sixth petition without the assistance of counsel demonstrated that he could comprehend the proceedings. This confusion over the procedural status of the case is problematic as it is unclear to what extent it affected the adjudication of Davis's petition and the denial of his request

---

[1]The State repeats this assertion in its answer to Davis's informal brief but did not provide any citation to the record or identify any prior petitions in support.

for the appointment of postconviction counsel. For the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc: Hon. Michelle Leavitt, District Judge
Keonis Lamont Davis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

-----

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.